IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RILEY L. HOLIFIELD, JR.,      }
Individually and as           }
Administrator of the Estate   }
of RILEY DEVON HOLIFIELD,     }    CIVIL ACTION NO.
Deceased,                     }    08-AR-0109-S
                              }
    Plaintiff,                }
                              }
v.                            }

CITY OF BIRMINGHAM, et al.,

    Defendants.

**MEMORANDUM OPINION**

    Before the court is the motion[1] of defendants to dismiss the action of plaintiff, Riley L. Holifield Jr. ("Holifield"), individually and as the administrator of the Estate of Riley Devon Holifield, deceased, for failure to state a claim upon which relief can be granted. The defendants are the City of Birmingham and six current and former police officers, sued in their official and individual capacities. Defendants' motion is directed to Holifield's second amended complaint. For the reasons that follow, the motion is will be granted in part and denied in part.

    Holifield alleges that the defendant Birmingham police officers caused the death of Holifield's son through the use of excessive force while responding to a domestic disturbance on June

---

[1] The original motion to dismiss (Doc. #8) and the motion to dismiss the second amended complaint (Doc. #12) will be treated as one motion.

1

22, 2006. He also contends that the individual defendants' failure to attend to his son after he was allegedly maced, beaten, handcuffed, and hogtied demonstrated deliberate indifference to his son's medical needs, further contributing to his son's death. According to Holifield, the City of Birmingham's unofficial practices and customs, including its alleged failure to train and supervise its officers properly, were a proximate cause of the deprivations of constitutional rights alleged in the complaint.

The court finds that the second amended complaint successfully states excessive force claims under 42 U.S.C. § 1983 against the defendant officers in their individual capacities and against the City of Birmingham. The individual defendants have, thus far, not interposed a "qualified immunity" defense. The second amended complaint is inartful in certain respects, but it is sufficient to pass muster under Rule 12(b)(6). However, the claims against the officers in their official capacitates are duplicative and will be dismissed. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

With respect to Count III of the second amended complaint, the court cannot discern what state law claims Holifield is attempting to plead. Count III is titled "State Claims" but it only makes reference to rights afforded by the 1st, 5th, and 14th Amendments. In this respect, Holifield has plainly failed to state a state law claim upon which relief can be granted. However, the court will

give Holifield one more bite at the apple to see if he can state cognizable claims under Alabama law. Should he take advantage of the opportunity to file a third amended complaint, Holifield should keep in mind that he has already correctly conceded that he is barred from asserting Alabama tort claims against the City of Birmingham as a result of his failure to comply with the requirements of Ala. Code § 11-47-23. In keeping with that concession, any forthcoming amended complaint should clearly articulate the legal basis for all state law claims and specify the particular defendants against whom they are asserted. Holifield should also make clear whether he is asserting the state law claims individually or on behalf of his son's estate.

*Conclusion*

In accordance with the foregoing, and by separate order, the § 1983 official capacity claims will be dismissed with prejudice and the unrecognizable state law claims will be dismissed without prejudice and with leave to amend within 20 days.

DONE this 29th day of July, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE