FILED
2009 Jul-27  PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RILEY L. HOLIFIELD, JR.,    }
etc.,                }
                    }
    Plaintiff,      }    CIVIL ACTION NO.
                    }    08-AR-0109-S
v.                  }
                    }
CITY OF BIRMINGHAM, et al.,  }
                    }
    Defendants.     }

## MEMORANDUM OPINION

Before the court are three motions: (1) the motion of plaintiff, Riley L. Holifield, Jr., as administrator of the estate of Riley Devon Holifield, deceased ("Holifield"), styled "Amended Request for Leave to File Fourth Amended Complaint";[1] (2) Holifield's motion to "Re-instate Claims and Add Additional Parties";[2] and (3) a filing by defendants, City of Birmingham, Annetta Nunn, Derrick Perryman, Dale Newman, Deric Patton,[3] Garland Shorter, Valencia Emmitt, Marsha Johnson, Christopher Hays, Jason Cargile, and Harry Greenberg (collectively "defendants"), styled

---

[1] If allowed, this would be Holifield's fifth amended complaint, not his fourth. On April 28, 2009, the court granted Holifield's "Request for Leave to File Fourth Amended Complaint." The other amended complaints were filed May 21, 2008, July 17, 2008, August 18, 2008, and April 27, 2009. The court deems this filing to be "plaintiff's motion for leave to file a fifth amended complaint." For ease of discussion, the court will refer to it as the **fifth amended complaint.**

[2] In reality, this is also a motion for partial reconsideration/set-aside of the court's memorandum opinion and order of July 29, 2008.

[3] The court is uncertain whether Mr. Patton's first name is spelled "Deric," *see, e.g.*, (Fourth Am. Compl. "Caption"), or "Derick." *See* (Defs.' Fourth Am. Compl. Resp. and Objection pg. 1).

"Defendants' Response and Objection to Plaintiffs' Request for Leave to File a Fourth Amended Complaint," a paper that the court is treating as a motion to dismiss (hereinafter "second motion to dismiss"). (Ct.'s Order April 28, 2009.) In abbreviated form, if abbreviation is possible, Holifield, invoking 42 U.S.C. § 1983, claims that defendant, City of Birmingham ("the City"), and its police officers, violated rights guaranteed his son by the Constitution of the United States.[4] Whatever individual defendants Holifield intends to pursue is ambiguous,[5] but it is clear that he intends to sue the City.

<u>**Pertinent Allegations and Procedural Background**</u>

Holifield alleges that the City's police officers caused the death of his son through the use of excessive force while responding to a domestic disturbance on June 22, 2006. *See* (Fourth Am. Compl. ¶¶ 12-54.) He also contends that the individual defendants' failure to attend to his son after he was allegedly maced, beaten, handcuffed, and hogtied constituted deliberate indifference to his son's medical needs, further contributing to his son's death and crossing the boundary of unconstitutional

---

[4] Holifield has abandoned the claim or claims that were personal to himself and only seeks recovery as personal representative.

[5] On its face, the motion does not expressly state which "additional parties" Holifield desires to add. As will become clear in this opinion, any attempt to identify which new person or persons Holifield intends to add would be an exercise in futility. If Holifield decides to file a sixth amended complaint, he can add parties so long as the express requirements of this opinion are followed.

conduct. *See id.*

*Motion to Re-Instate Claims and Add Additional Parties*

On July 20, 2007, Holifield was appointed administrator of the estate of Riley Devon Holifield. (Fourth Am. Compl. Attach. 1) On the same day, Holifield filed a sworn and notarized notice of claim with the City. *See* (Compl. Attach. 1.) On January 18, 2008, he filed the instant action. On July 21, 2008, the court granted Holifield's motion for leave to file a second amended complaint. The second amended complaint contains a section styled "Count Three - State Claims,"[6] but there are no purported state law claims asserted in that paper. *(*Second Am. Compl. ¶¶ 45-47.)

Also on July 21, 2008, defendants moved to dismiss the second amended complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. (hereinafter "first motion to dismiss"). On July 29, 2008, defendants' motion was granted in part and denied in part. Insofar as the motion sought to dismiss § 1983 claims against the City and the individual defendants in their personal capacities, the motion

---

[6] Count Three of the second amended complaint states in pertinent part:

46. As a result of the above unjustifiable actions, Plaintiff suffered the following injuries and damages:
    a. Plaintiff's Decedent, Rily [sic] Devon Holifield suffered injury and death.
    b. Plaintiff suffered the lost [sic] of the society of his son.
    c. Plaintiff's Decedent's estate suffered injuries and damages, and next of kin's First, Fifth and Fourteenth Amendment rights to familial association, access to the Courts, and Due Process of Law.
47. As a proximate cause of the above actions of Defendants, Holifield was killed as heretofore described[.]

(Second Am. Compl. ¶¶ 45-47)

was denied. Insofar as the motion sought to dismiss (1) § 1983 claims against police officer defendants in their official capacities and (2) any state law claims, namely, "Count Three - State Claims," it was granted. *Inter alia*, this court said:

> With respect to Count III of the second amended complaint, the court cannot discern what state law claims Holifield is attempting to plead. Count III is titled "State Claims" but it only makes reference to rights afforded by the 1st, 5th, and 14th Amendments. In this respect, Holifield has plainly failed to state a state law claim upon which relief can be granted. However, the court will give Holifield **one more bite at the apple** to see if he can state cognizable claims under Alabama law. Should he take advantage of the opportunity to file a third amended complaint, Holifield should keep in mind that he has already **correctly conceded** that he is barred from asserting Alabama tort claims against the City of Birmingham as a result of his failure to comply with the requirements of Ala. Code § 11-47-23. In keeping with that concession, **any** forthcoming amended complaint should clearly articulate the legal basis for all state law claims and specify the **particular defendants** against whom they are asserted. **Holifield should also make clear whether he is asserting the state law claims individually or on behalf of his son's estate.**

(Mem. Op. July 29, 2008)(emphasis added). The court then dismissed Holifield's state law claims, but granted leave to amend to bring state law claims within 20 days. (Ct.'s Order July 29, 2008.)

On August 18, 2008, Holifield filed a third amended complaint, which included another "Count Three - State Claims." (Third Am. Compl. ¶¶ 45-48.) It purported to assert assault and battery claims against five named persons.[7] All defendants answered the third

---

[7] "Count Three" of the third amended complaint states in pertinent part:

47. That the said Riley Devon Holifield on said date and time as

4

amended complaint on August 19, 2008.

On October 7, 2008, the court entered a scheduling order, which, *inter alia*, set certain deadlines. It includes:

> 2. **DISCOVERY** - Discovery shall be completed by **July 31, 2009.**
>
> . . . .
>
> 9. **JOINDER OF ADDITIONAL PARTIES** - Plaintiff(s) shall have until **March 31, 2009**, to amend the pleadings. . . .
>
> 10. **AMENDMENT OF PLEADINGS** - Plaintiff(s) shall have until **March 31, 2009**, to amend the pleadings. . . .
>
> 11. **MOTIONS** - All potentially dispositive motions shall be filed by **August 31, 2009**. . . .

(Ct.'s Scheduling Order Doc. 24)(emphasis in original). On March 31, 2009, in granting an unopposed motion by Holifield, the court extended the "joinder of additional parties" and "amendment of pleadings" deadlines to April 10, 2009. On April 10, 2009, Holifield moved for another extension, which defendants opposed. On April 17, 2009, at the court's regular motion docket, the court heard oral argument on the motion, in which Holifield requested a new deadline due to his inability to obtain investigatory interview

---

peaceby [sic] and lawfully at home holding his minor child when he was accosted by the individually named Defendants, Newman, Patton, Shorter, Emmitt and Johnson.
48. That the individually named Defendants, Newman, Patton, Shorter, Emmitt and Johnson intentionally, wrongfully, and unlawfully maced, assaulted, battered, and hogtied the said Riley Devon Holifield, thereby proximately causing his death at the scene.

(Third Am. Compl. ¶¶ 47-48)

tapes ("the tapes") of certain police officers.[8] The court again extended the time for adding parties and amending to May 8, 2009.

On April 27, 2009, Holifield moved to file a fourth amended complaint. The court granted the said motion on April 28, 2009 before defendants had a chance to respond. Defendants nevertheless filed a response, objecting to the reintroduction of (1) claims against individuals in their official capacities and (2) state law claims against the City. The state law claims in the fourth amended complaint read in pertinent part:

### COUNT THIRTEEN - STATE CLAIMS
### UNLAWFUL ARREST, ASSAULT AND BATTERY,
### WRONGFUL DEATH

. . . .

120. That the said Riley Devon Holifield, on said date and time was peaceably and lawfully at home holding his minor child when he was accosted by the individually named responding officers.

121. That the individual named responding officers intentionally, wrongfully, and unlawfully arrested, maced, assaulted, battered, and hogtied Holifield.

122. As a proximate result of the above described acts of responding officers, Holifield died at the scene.
Wherefore Plaintiff demands judgment against the individually **named responding officers**.[hereinafter "Count 13"]

### COUNT FOURTEEN - STATE CLAIMS

---

[8] In reality, Holifield's motion was a motion to compel the production of the tapes. Holifield's motion sought a hearing before the court for the purpose of "providing testimony under oath as to the whereabouts and disposition of Official City of Birmingham records, specifically [the tapes]." (Pl.'s Second Request for Enlargement of Time ¶ 9.) The court did not rule on the motion to compel aspects of Holifield's motion, based in part on representations made by both counsel at the April 17, 2009, motion docket.

**RESPONDEATE** [sic] **SUPERIOR**

. . . .

> 124. City of Birmingham and Nunn supervised and trained the responding Officers, and at all times were responsible for and had control over responding officers acts.

> 125. As a proximate result of Nunn's and City of Birmingham's supervision and control of responding officers acts, Holifield was beaten, maced, hogtied, and subsequently died at the scene as described above.
> Wherefore Plaintiff demands judgment against **Nunn** and the **City of Birmingham**. [hereinafter "Count 14"]

(Fourth Am. Compl. ¶¶ 118-125)(first and third emphasis in original; other emphasis added). The court set defendants' deemed motion to dismiss the fourth amended complaint for hearing on the court's motion docket, of May 8, 2009. The court's order stated, "To the extent the fourth amended complaint contains claims that have **already been dismissed,** [Holifield] shall withdraw said claims before the hearing or expose himself to Rule 11 sanctions." (Ct.'s Order Apr. 28, 2009)(emphasis added). More than once during oral argument, the court has endeavored to impress upon Holifield's counsel the strenuous pleading and proof requirements for getting around qualified immunity and for establishing municipal liability under a § 1983 theory.

On May 7, 2009, Holifield moved to continue the hearing set for May 8, 2009. The motion was denied. On the same day, Holifield filed a motion for leave to file a fifth amended complaint. The would-be fifth amended complaint omits any state law claims. It is

unclear as to whether claims against individuals in their official capacities are withdrawn.[9] On May 8, 2009, Holifield filed a motion to reinstate claims and add parties, although it is not clear which "additional parties" Holifield wants to add. The whole thing is a pleading disaster.

On May 16, 2009, before the court ruled on defendants' second motion to dismiss, Anthony Piazza ("Piazza") moved to withdraw as counsel for Holifield. Piazza later attempted to withdraw his withdrawal by filing a "Notice of Withdrawal of Motion." The court set the motion and the notice of withdrawal for hearing on the court's June 16, 2009, motion docket and ordered Holifield to be physically present at the hearing. (Ct.'s Order May 18, 2009). Holifield did not appear. Piazza told the court Holifield was working. The court's memorandum opinion and order of June 19, 2009, delayed the imposition of a sanction appropriate for Holifield's violation of the court's express order that he personally appear.

*Fifth Amended Complaint*

The would-be fifth amended complaint contains twelve counts.[10]

---

[9] *See infra* "Motion for Leave to File a Fifth Amended Complaint" discussion.

[10] The counts in the fifth amended complaint are:

1. Violation of Due Process Rights of 14th Amendment ("Count 1");
2. Unreasonable Seizure Under the 4th Amendment Unconstitutional Use of Deadly Force ("Count 2");
3. Failure to Provide Medical Care During Arrest Violation of Due Process Under the 14th Amendment ("Count 3");
4. Unreasonable Seizure Under the 4th Amendment Excessive Force During Arrest Failure of On-Looking Officer to Intervene ("Count 4");

It omits all state law claims. Defendants named in the caption of the fifth amended complaint are:

    1. The City of Birmingham;
    2. Annetta Nunn, individually, and in her [sic] under 42
    U.S.C. § 1983;
    3. Dale Newman, individually, under 42 U.S.C. § 1983;
    4. Deric Patton, Individually, under 42 U.S.C. § 1983;
    5. Garland Shorter, Individually, under 42 U.S.C. § 1983;
    6. Velencia Emmitt, Individually, under 42 U.S.C. § 1983;
    7. Marsha Johnson, Individually, under 42 U.S.C. § 1983;

(Fifth Am. Compl. (hereinafter collectively the "caption defendants")). Of note, there are four defendants named in the caption of the fourth amended complaint who are not named in the caption of the would-be fifth amended complaint. If anything is clear, it is that Holifield is now suing only in his representative capacity and not for any injury he allegedly personally sustained.

    The fifth amended complaint also states:

    2. This is a **civil action** by Riley L. Holifield, Jr., as
    Administrator of the Estate of Riley Devon Holifield,
    Deceased, who was a citizen of the United States **against
    the following individuals: Derrick Perryman,** Dale Newman,
    Garland Shorter, Valencia Emmitt, Marsha Johnson, Deric
    Patton, and **Jason Cargile** for using excessive force

---

5. Excessive Force 42 U.S.C. § 1983 ("Count 5");
6. Policy Maker Ratification Municipal Liability 42 U.S.C. § 1983
("Count 6");
7. Custom and Practice Municipal Liability 42 U.S.C. § 1983
("Count 7");
8. Supervisor Liability 42 U.S.C. § 1983 ("Count 8");
9. Spoilation of Evidence ("Count 9");
10. Unlawful Arrest 4th Amendment ("Count 10");
11. Inadequate Training Municipal Liability Under 42 U.S.C. § 1983
("Count 11"); and
12. Claim Against **Named Defendants** for Failing to Prevent
Excessive and Unreasonable Use of Force During Arrest, and Failing
to Prevent Unlawful Arrest - Deliberate Indifference ("Count 12").

*See* (Fifth Am. Compl. ¶¶ 54-116)(emphasis added).

against Riley Devon Holifield, on or about January 22, 2006 when the said **Derrick Perryman**, Dale Newman, Garland Shorter, Valencia Emmitt, Marsha Johnson, Deric Patton, and **Jason Cargile** willfully and intentionally used excessive force against Plaintiff's decedent Riley Devon Holifield in violation of his state and federal civil and constitutional rights when they were dispatched to his residence to investigate a domestic disturbance. . . .

. . . .

4. This is also an action against **Derrick Perryman**, Individually and ias [sic] the Supervisor of Dale Newman . . . and **Jason Cargile** and as a policy maker of the City of Birmingham . . . .

(Fifth Am. Compl. ¶¶ 2, 4)(emphasis added). The "parties" section

of the fifth amended complaint says:

10. Nunn was also responsible for supervising and training Dale Newman, Garland Shorter, Valencia Emmitt, Marsha Johnson, and Deric Patton, and **Jason Cargile, Christopher Hays, and Derrick Perryman** (hereinafter referred to as "**the responding officers**" . . . .

11. Derrick Perryman (hereinafter referred to as "Perryman") was the Supervisor of Dale Newman, Garland Shorter, Valencia Emmitt, Marsha Johnson, Deric Patton, and Jason Cargile, and Christopher Hays who was responsible for supervision and training of Dale Newman, Garland Shorter Valencia Emmitt, Marsha Johnson, Deric Patton, and Jason Cargile and Christopher Hays (hereinafter referred to as "**the responding officers**"

12. The **named Defendants**, Dale Newman, Garland Shorter, Valencia Emmitt, Marsha Johnson, Deric Patton, were the police officers on duty at the time of the incidents complained of herein . . .

(Fifth Am. Compl. ¶¶ 10-12)(emphasis added).

The last line of Counts 1, 2, 3, 4, and 5 reads: "Wherefore

Plaintiff demands judgment against **the responding officers**." (Fifth

Am. Compl. ¶¶ 57, 60, 64, 68, 74)(emphasis added). The last line of

10

Count 10 reads: "Wherefore Plaintiff demands judgment against **named Defendants**." (Fifth Am. Compl. ¶ 104)(emphasis added). The last line of Count 12 reads: "WHEREFORE PREMISES CONSIDERED, Plaintiff claims damages against the **named Defendants**." (Fifth Am. Compl. ¶ 116)(emphasis added).

## Discussion[11]

*Motion to Dismiss & Motion to Reinstate Claims*

The second motion to dismiss is narrow in scope. It merely seeks a dismissal of all state law claims as against the City and any claims against individual defendants in their official capacities. In other words, on its face, it is a motion for a

_____

[11] In order to survive a 12(b)(6) motion, the claimant must meet the requirements of Rule 8(a)(2) and allege "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). He must allege "enough facts to state a claim to relief that is plausible on its face," and the facts "must be enough to raise a right to relief above the speculative level." *Id.* at 570. A complaint must contain "'enough factual matter (taken as true) to suggest'" each material element of a claim. *See Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007)(quoting *Twombly*, 550 U.S. at 556). In considering a 12(b)(6) motion, the court "must accept the well pleaded facts as true and resolve them in the light most favorable to the [non-movant]." *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005) (quotations and citation omitted). As put recently by the Supreme Court,

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

*Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950 (2009); *see also Danley v. Allen*, 480 F.3d 1090 (11th Cir. 2007).

partial dismissal of Count 14 and to dismiss any/all official capacity claims against individual defendants. Put another way, it seeks to reenforce the court's opinion and order of July 29, 2008. Nevertheless, the court will treat defendants' motion as a Rule 12(b)(6) motion aimed at the fourth amended complaint in all of its aspects. The court does not require defendants to aim at a constantly moving target.

Defendants' first motion to dismiss state claims relied upon the requirements of Ala. Code §§ 11-47-23 and 11-47-192. These sections read as follows:

> **§ 11-47-23 Limitations on claims against municipalities**
> All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within **two years** from the **accrual** of said claim or shall be barred. Claims for damages growing out of **torts** shall be presented within **six months** from the **accrual** thereof or shall be barred.
>
> . . . .
>
> **§ 11-47-192 Ante litem notice**
> No recovery shall be had against any city or town on a claim for personal injury received, unless a **sworn statement** be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed.

(emphasis added). As Holifield points out in his motion to reinstate, "in regard to actions that must be brought by a personal representative-for the purposes of § 11-47-23, a wrongful death cause of action **accrues** at the time the personal representative is

12

appointed." *Buck v. City of Rainsville*, 572 So. 2d 419, 423 (Ala. 1990)(emphasis added); *see also id.* at 421 (noting that the words "personal representative," when used in § 11-47-23, "mean the executor or **administrator** of the testator or intestate")(quoting *Hatas v. Partin*, 175 So. 2d 759, 760 (Ala. 1965)(emphasis added; citation omitted)). Until Holifield's most recent motion no party mentioned *Buck*. Defendants have not attempted to distinguish *Buck*. The court admits to being as confused as the parties have been and still are. *Buck* did not relieve Holifield from filing a timely claim with the City notifying it of any **individual** claim he might have had. This may explain the gradual disappearance of any such claim.

Holifield was appointed administrator on July 20, 2007. The action was filed on January 18, 2008, within the six month statutory deadline. The notice of claim was in proper form and adequate otherwise. Insofar as Holifield seeks to reinstate a tort claim against the City pursuant to *Buck*, it is not precluded by §§ 11-47-23 and 11-47-192. Defendants seem to have overlooked Holifield's previous concessions. Accordingly, insofar as the court's opinion and order of July 29, 2008, is to the contrary, it will be vacated, and insofar as Holifield moves to reinstate the claim in Count 14 as against the City **only**, it will be granted.[12]

---

[12] The motion to reinstate claims says: "In accordance with this Court's April 28, 2009 Order (Document 35), Plaintiff withdrew **all** state law claims contained in his Fourth Amended Complaint. (See Document 39)." (Mot. to

This does not mean that Count 14 or any other claim against the City is viable under a Rule 8(a)(2) and Rule 12(b)(6) challenge.

Defendants argue that Holifield "has again pleaded 'official capacity' claims against the same individual Defendants (and new ones) in the Fourth Amended Complaint. Any 'official capacity' claims alleged in the Fourth Amended Complaint against the individual Defendants are still due to be dismissed as they are redundant." (Second Mot. to Dismiss ¶ 7)(punctuation in original). The court, again, agrees with defendants. *See, e.g., Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991)("Such suits against municipal officers are therefore, in actuality, suits directly against the city the officer represents.")(citations omitted). Accordingly, any claim against any officer in his or her official capacity must be dismissed and treated as a claim against the City itself. **In the last line of each count of his sixth amended complaint, if he chooses to file one, Holifield shall expressly state the names of the party or parties against whom he is seeking**

---

Reinstate Claims and Add Additional Parties ¶ 12)(emphasis added). The April 28, 2009, order states in relevant part: "**To the extent the fourth amended complaint contains claims that have already been dismissed**, plaintiff shall withdraw said claims before the [May 8, 2009] hearing or expose himself to Rule 11 sanctions." (Ct.'s Order Apr. 28, 2009)(emphasis added). On its face, this order did not require Holifield to remove all state law claims, only those that were dismissed. Additionally, only § 1983 claims against individual defendants in their official capacity were required to be dismissed as redundant. In other words, Count 13 and Count 14 as against Nunn could have remained in the fifth amended complaint. The court thought it had made itself clear. The court expresses no opinion on whether these claims can survive a Rule 12 or Rule 56 motion.

**relief in that count**. The court does not want to draft Holifield's complaint for him, even if he needs help, especially when the court is not conversant with the facts. Holifield's conclusory averments do not constitute facts.

*Motion for Leave to File a Fifth Amended Complaint*

The fifth amended complaint is riddled with problems, including, *inter alia*, (1) that persons other than the caption defendants are purportedly being sued (these at least include persons named by Holifield as Derrick Perryman and Jason Cargile); (2) that it is unclear which person or persons make up the "responding officers"; (3) that it is unclear whether Perryman is a "responding officer"; (4) that Counts 1, 2, 3, 4 and 5 seek relief "against the responding officers," all or some of which may not be "defendants"; (5) that the court does not and cannot discern who the "named Defendants" are; and (6) that the amendment fails to comply with the court's earlier directions that (a) Holifield clearly articulate the legal basis for all state law claims, (b) specify the particular defendants against whom they are asserted, and (c) make clear whether he is asserting state law claims individually or only on behalf of the estate of his son. (hereinafter "issues 1-6").[13]

---

[13] As noted, "responding officers" and "named Defendants" have more than one capacity and that capacity or capacities is not expressly denoted in the fifth amended complaint. However, the court has already decided that the individual named defendants cannot be sued in their official capacity, yet Holifield has not made these distinctions clear.

For these, and other reasons, to grant Holifield's fifth motion to amend would be to further confuse the issues and to make less clear who the parties are, what the claims are, and what the defenses are. However, leaving the fourth amended complaint in place "as-is" will not clear up obvious pleading defects, errors and ambiguities. Therefore, despite its earlier expressed intent to give Holifield only one more bite at the apple, the court will allow Holifield to have his third and final bite. The court will deny Holifield's motion for leave to file a fifth amended complaint, but, if he can comply with the court's directions, will grant him an opportunity to file a sixth amended, recast, superceding, substitute complaint. If Holifield chooses not to file a sixth amended complaint, his fourth amended complaint will be dismissed pursuant to Rule 12(b)(6), Rule 8(a)(2), and for want of prosecution. Holifield is again **warned** that his fourth amended complaint is so opaque and full of problems, including issues 1-6, *see* (Fourth Am. Compl.), that total dismissal will be called for unless the complaint can be recast or restated so as to state **provable facts** and to be based upon an identified legal theory. With the exception of Count 14 against the City, no claims previously dismissed shall be set forth in the sixth amended complaint.

If Holifield takes the court up on its offer, he shall (1) correct all of the court's earlier and current criticisms, and (2)

he shall expressly:

> a. Ensure that the defendants named in the caption are **one and the same** with the defendants named in the text of the complaint; and

> b. State, **in the last line of each count of the sixth amended complaint,** whether he is seeking relief for that count against the City and/or **any individual defendant or defendants.** Each individual defendant shall be **listed by name.** Holifield shall not use the references "responding officers" or "named Defendants" anywhere in the sixth amended complaint.

The court, in its accompanying order, will extend all deadlines in the scheduling order by 30 days.

If Holifield cannot or will not follow this court's directions, dismissal with prejudice for want of prosecution and pursuant to Rule 12(b)(6) and Rule 8(a)(2) will be necessary, without regard to whether Holifield's failure to appear personally when expressly ordered to do so would also call for dismissal or other lesser sanction.

### Conclusion

By separate order, the foregoing opinion will be implemented.

DONE this 27th day of July, 2009.


WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

17